UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TAVEN APARTMENTS LIMITED PARTNERSHIP, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 1:17-cv-00083-AGF |
| STATE FARM FIRE & CASUALTY COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

# MEMORANDUM & ORDER

This matter is before the Court on Plaintiffs' motion to compel participation in the appraisal process (ECF No. 19) and motion for protective order (ECF No. 21). Defendant State Farm filed memoranda in opposition to both motions (ECF Nos. 23 and 24), and Plaintiffs filed replies (ECF No. 25 and 27). For the reasons set forth below, the Court will grant the motion to compel participation in the appraisal process and deny the motion for protective order.

## BACKGROUND

This dispute concerns a loss claimed by Plaintiffs Taven Apartments Limited Partnership, Taven Housing, LLC, and James Schubiner ("Plaintiffs") regarding real estate located on 1008 Marler Road in the City of Caruthersville, Pemiscot County, Missouri (hereinafter referred to as "Taven Apartments"). Plaintiffs claim that they purchased a policy of insurance from Defendant State Farm Fire & Casualty Company ("State Farm"), which insured against damage or destruction of Taven Apartments by fire.

On or about May 6, 2015, Taven Apartments was damaged and destroyed by a fire. Complaint ("Compl"), Doc. 1, at ¶¶ 5-7. Plaintiffs contend that they filed claims and proofs of loss with State Farm for property damage to Taven Apartments, as well as lost income caused by the fire. Plaintiffs claim that State Farm failed to pay the amount demanded by Plaintiffs for the loss and failed to participate in the process of appraising the damaged property. State Farm generally denied the allegations. Answer, Doc. 17, at ¶¶ 3-4.

State Farm concedes that the policy of insurance was in effect at the time of the fire loss and that it has made payments to Plaintiffs for "covered losses" under the policy. However, State Farm contends that the structure built to replace Taven Apartments is not a "like kind and quality" as required under the policy. Specifically, the policy provides the following with regard to loss payments by State Farm:

> 4. Except as provided in Paragraphs **(b)** through **(e)** below, we will determine the value of Covered Property as follows:
>    a. We will:
>       (1) For loss covered by this policy, other than described in Paragraph (2) below, at our option, either:
>          (a) Pay the value of lost or damaged property as determined in the Valuation Condition shown in the applicable coverage form;
>          (b) Pay the cost of replacing or repairing the lost or damaged property, plus any reduction in value of repaired items;
>          (c) Take all or part of the property at an agreed or appraised value; or
>          (d) Repair, rebuild, or replace the property with other property of like kind and quality.
>
>              \* \* \*

Policy of Insurance, FE-8207 Amendatory Endorsement (Missouri), ECF No. 25-2.

State Farm contends that the remaining claims being made by Plaintiffs are for items that are not of a "like kind and quality" because the replacement structure has different dimensions and different amenities. ECF No. 23. This contention is challenged by Plaintiffs who, in response, submitted the affidavit of Steven G. Schneemann, a professional architect. Mr. Schneemann was retained by Plaintiffs to prepare construction drawings for the reconstruction of building "C" of Taven Apartments. Mr. Schneemann states that the drawings were prepared to conform to the design of the destroyed building, re-using the existing foundations and concrete slab for the original building. ECF No. 25-3.

On September 13, 2017, counsel for Plaintiffs demanded an appraisal of Plaintiffs' loss under the appraisal provisions of the policy. Specifically, the policy provides the following procedure:

> **b.** **Appraisal**
> If we and you disagree on the value or the amount of loss, either may make a written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. Each party will notify the other of the selected appraiser's identity within 20 days after receipt of the written demand for appraisal. The two appraisers will select an umpire. If the appraisers cannot agree upon an umpire within 15 days, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. The umpire shall make an award within 30 days after the umpire receives the appraisers' submissions of their differences. A decision agreed to by any two will be binding. Each party will:
> (1) Pay its chosen appraiser, and
> (2) Bear the other expenses of the appraisal and umpire equally.

> If there is an appraisal, we will still retain our right to deny the claim.

*See* Policy of Insurance, CMP-4225 Amendatory Endorsement (Missouri), Doc. 20-1 (hereinafter referred to as "Appraisal Endorsement"). Plaintiffs contended that an appraisal was necessary to resolve the "like kind and quality" dispute between the parties. However, State Farm denied Plaintiffs' demand for an appraisal on the basis that the issues in the case were related to coverage and could not be resolved by an appraisal. Plaintiffs then filed the instant motion to compel appraisal.

Plaintiffs also filed a motion for protective order (ECF No. 21) requesting that the Court extend the time within which Plaintiffs must respond to State Farm's outstanding discovery requests, which pertain to the replacement building construction documents and information regarding the reconstruction project. ECF No. 24.[1]

Motion to Compel Appraisal

The appropriateness of an appraisal depends on whether the central issue in this case is characterized as a coverage dispute, as State Farm prefers, or as a disagreement over the amount of loss, as Plaintiffs desire. *See Underwriters at Lloyd's of London, Syndicate 4242 v. Tarantino Properties, Inc.*, No. 4:12-CV-00167-DGK, 2012 WL 3835385, at *2 (W.D. Mo. Sept. 4, 2012). Appraisal is not appropriate for resolving questions of coverage. *Id.* (citing *D.R. Sherry Const., Ltd., v. Am. Family Mut. Ins. Co.*, 316 S.W.3d 899, 902 (Mo. 2010) ("[T]he interpretation of an insurance contract is generally a question of law, particularly in reference to the question of coverage.")). If the parties' disagreement is over

---

[1] State Farm contends that only plans for the construction project following the fire and for the original building have been provided by Plaintiffs. ECF No. 24 at 2.

the amount of loss, however, appraisal is appropriate. *See, e.g.*, *Lance v. Royal Ins. Co.*, 259 S.W. 535, 535 (Mo. App. 1924) ("A provision in an insurance policy for the amount of the loss to be ascertained by appraisers in case of disagreement in relation thereto is binding and enforceable.").

Under the plain language of the State Farm policy, either party may make a written demand for appraisal in the event of a disagreement on the value of the property or the amount of loss. *See* Appraisal Endorsement. Plaintiffs argue that State Farm has already determined that Plaintiffs' loss is covered under the policy, which is evidenced by State Farm's payments under the policy. The parties, according to Plaintiffs, are now arguing over whether the replacement structure is "of a like kind and quality" under the policy. Plaintiffs believe that "[i]t is particularly within the appraisers' purview and expertise to determine what the proper replacement cost or value is and whether the rebuilt building was of the same size as the destroyed building, and used materials of like kind and quality." ECF No. 25 at 6.

State Farm responds that while it has made payments under the policy and agrees that the policy was in effect at the time of the loss, the replacement structure built by Plaintiffs is not of a "like kind and quality." Therefore, the dispute centers on the extent of coverage for the replacement building due to the significant difference in its size and amenities. ECF No. 23.

The Appraisal Endorsement permits either party to make a written demand in the event that the parties dispute the value of loss, which in turn triggers the procedure for appraisal. Based on the limited record before the Court, it appears that the dispute is

centered on the valuation and cost of damages, repairs, and construction, which constitutes a "disagree[ment] on the value or the amount of loss." Therefore, based on the plain language of the Appraisal Endorsement, the Court will grant Plaintiff's motion to compel participation in the appraisal process.

Motion for Protective Order

Plaintiffs also filed a motion for protective order (ECF No. 21) requesting that the Court extend the time within which Plaintiffs must respond to State Farm's outstanding discovery requests through the date upon which the Court rules on the motion to compel. State Farm opposes the motion and contends that the requests have been pending since May 24, 2017, June 7, 2017, and June 8, 2017. In their reply, Plaintiffs argue that they are confident that the appraisal process will resolve all disputes between Plaintiffs and State Farm.

The Court's decision on the motion to compel renders moot the relief sought in the motion for protective order. State Farm in its filings indicated that it has consulted an architect, but cannot obtain the architect's opinions until the written discovery phase has moved forward. Therefore, Plaintiff will be directed to promptly respond to any outstanding discovery requests.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to compel participation in the appraisal process (ECF No. 19) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' motion for protective order (ECF No. 21) is **DENIED as moot.** Plaintiffs are directed to respond to any outstanding discovery requests on or before **November 1, 2017**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of October, 2017.